In the Matter of the Election of Trustees of the RUTHENIAN GREEK CATHOLIC CHURCH OF ST. GEORGE, NEW YORK CITY.
JOHN BUKEL and Others, Appellants; PETER PONIATISHIN, Respondent.*

First Department, June 15, 1928.

*William M. Kilcullen* of counsel [*Alexander Chylak* and *William M. Kilcullen*, attorneys], for the appellants.

*Edward Friedman* of counsel [*Isidore Scherer*, attorney], for the respondent.

McAVOY, J. The church was incorporated in 1905 pursuant to article 8 (formerly article 5) of the Religious Corporations Law of 1895, as amended, sections 80 to 83 thereof. The certificate of incorporation shows that " by a majority vote of the said duly qualified voters then present voting thereon [it was enacted] as follows:

* Affd., 249 N. Y. 607.

" That the said unincorporated Church of St. George aforesaid should become incorporated; and it was at the same time decided that the name of the corporation should be ' The Ruthenian Greek Catholic Church of St. George in New York City.'

" That the number of trustees thereof should be six and that the date on which the annual election of the trustees thereof after said meeting should be held, was the first Saturday of November, 1906, and the same day of the month in each and every year thereafter."

Six trustees for the ensuing year were named in the certificate, including the then pastor, and their terms of office fixed, so that two should hold office until the first annual election of trustees thereafter, two until the second annual election of trustees thereafter, and two until the third annual election of trustees thereafter.

The unwritten by-laws provide that trustees shall be elected at a meeting of the members of the congregation held in conformity with the usage established prior to the incorporation of the corporation, as set forth in the certificate of incorporation.

On December 15, 1927, the pastor secretly called a meeting purporting to be the adjourned meeting of a committee of thirty appointed to conduct the election. A large number of the members of the committee received no notice of this meeting, but some of them having learned of it attended. Upon their arrival they found that the meeting was packed with strangers and others who were not members of the church. Most of the regularly appointed members of the committee of thirty then left the meeting. Subsequently the pastor assumed to elect the following four persons trustees to fill said vacancies, to wit: Seaman Hayda, Daniel Jaworsky, Wasyl Kortulasz and Dmitro Slezuk. At the same meeting an advisory committee was appointed or elected, a number of whose members are not even members of the church. The four persons just named as the new trustees thereupon organized with the pastor, one Wasyl Pawluk and one Andrew Syrotiuk, seven in all, as a board, and assumed to act as such. The certificate of incorporation provides for only six trustees.

The respondent answers that the Ruthenian Greek Catholic Church of St. George, New York city, has ceased to exist, due to an alleged reincorporation under section 102 of article 5-A of the Religous Corporations Law (as added by Laws of 1917, chap. 353), and that the new board has been appointed under the powers given to the officers of the reincorporated church. As to this alleged reincorporation, we think it is void from the beginning. The respondent avers that this certificate of reincorporation was filed on November 18, 1927, two days before the date of the meeting called for the election of trustees on November 20, 1927.

The instrument itself is dated April 16, 1926, over a year and a half before it was filed. It is not executed in accordance with the statute, as it fails to comply with its provisions as to the number of persons required to sign a certificate of reincorporation, and it is manifestly incomplete on its face in other respects. Its history and its content show that it was of no effect to validate a reincorporation, even if such may be done validly under the statute.

The order should be reversed, with ten dollars costs and disbursements, the motion granted, with ten dollars costs, and a new election ordered.

DOWLING, P. J., MERRELL, FINCH and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, the motion granted, with ten dollars costs, and a new election ordered.