THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK J. BOLAND and Another, Relators, Appellants, v. MILTON C. DUFFY, Assessor, and Others, Constituting the Board of Review of the City of Binghamton, Respondents.— Appeal from an order made at Special Term of Broome county denying motion of the relators for an order, judgment or decree of the Supreme Court, correcting the total assessment of relators' property as described in the pleadings on the 1935 assessment roll of the city of Binghamton, N. Y., to the amount of total assessment as demanded by relators on the ground that the relators are entitled to such relief upon the pleadings, orders and proceedings. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

ANTHONY COMO, Appellant, v. WILLIAM T. MURPHY, Respondent.— This action was tried in the City Court of Schenectady, and the evidence and case terminated and closed on May 1, 1933. It was decided and judgment rendered in favor of the plaintiff on May 16, 1933. The Schenectady County Court has reversed the judgment on the ground that it " was not made within fifteen days as required by section 68 of the Schenectady City Court Practice Act. "* " The day from which any specified period of time is reckoned shall be excluded in making reckoning." (General Construction Law, § 20.) May sixteenth was the fifteenth day following the close of the evidence under the above rule. Decision and judgment of the Schenectady County Court reversed, on the law, with costs to the appellant, and the judgment of the Schenectady City Court reinstated. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.

In the Matter of the Petition of WILLIAM ALBANESE, Appellant, to Compel JENNIE ALBANESE, the Guardian of the Person and Property of WILLIAM ALBANESE, a Minor, to Render and Settle Her Accounts as Such Guardian, Respondent.— Motion to amend order of reversal so as to recite that the reversal was on the facts as well as on the law, denied on the ground that the decision of the court was made solely on the lack of jurisdiction of the Surrogate's Court to pass upon the issue of negligence. [See 245 App. Div. 404.] Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

* See Laws of 1927, chap. 393, § 68.— [REP.