LENA RINZLER, Respondent, *v.* CITIZENS SAVINGS BANK, Appellant.

(Argued April 21, 1936; decided May 19, 1936.)

*C. De Witt Rogers* for appellant.

*E. Ivan Rubenstein* for respondent.

FINCH, J. The plaintiff, Lena Rinzler, brought an action against the defendant savings bank for the amount of her deposits. The defendant answered and pleaded as a defense that it had paid the same deposits to nominees of the plaintiff's husband, Samuel Rinzler, in obedience to a judgment of the Supreme Court in an action brought by Samuel Rinzler against the present plaintiff, Lena Rinzler, and the bank. In that action both Samuel

Rinzler and Lena Rinzler claimed title to the deposit. The defendant bank in that action answered as follows: " This defendant is not interested in said funds, except to see they are repaid, in accordance with its By-Laws, to the persons lawfully entitled thereto. Wherefore, this defendant demands judgment that the court adjudge to whom said moneys are due and payable to the end that this defendant may be relieved of responsibility in the premises; and for such other and further relief as may be just in the premises."

After a trial of the issue of ownership the deposit was awarded to the husband. Thereupon Lena Rinzler appealed from the judgment but made no application for a stay. The defendant bank pursuant to the judgment paid the deposit to the nominees of the husband, Samuel Rinzler. Upon the appeal by Lena Rinzler said· judgment was reversed and a new trial ordered. Upon retrial the complaint of the husband was dismissed and the judgment of dismissal was sustained upon further appeals. In this action payment to the nominees of the husband pursuant to the original judgment in favor of the husband was pleaded by the bank as a complete defense. The court at Special Term held the defense to be insufficient in law because the defendant bank had not paid the money into court. The Appellate Division has unanimously affirmed.

The general principle is well established that strangers to the action, in the sense that they are neither plaintiffs nor defendants therein, may rely and act upon existing judgments of the court even though these are subsequently reversed. (*Lowenstein* v. *Reikes*, 258 N. Y. 444.) On the other hand, it is equally well established that, while parties to an action are bound by a judgment recovered therein as long as it remains unreversed, they lose that protection when a reversal is had upon appeal. (*Haebler* v. *Myers*, 132 N. Y. 363; *Millfield Realty Co.* v. *Catena*, 257 N. Y. 515.) The judgment in the case at bar was

based upon the authority of these cases. The rule there enunciated, namely, that issues litigated are not finally determined until the judgment or order of the trial court has been affirmed upon appeal or the time to appeal has expired, cannot be successfully controverted because, unless the rights of the parties are subject to change by appeal, the appeal would be nugatory.

The question presented in the case at bar is whether a party to the litigation who takes the position in its answer that it is only a stakeholder and asks no judgment in its favor but merely the direction of the court as to the lawful disposition of the fund in its hands is subject to the rules relating to a party claimant in the action or to those applying to a third party. The position of such a stakeholder seems more nearly analogous to that of a stranger to the· litigation than to the position of a party to the action who is claiming advantage therefrom. Like a stranger to the action the stakeholder making no claim is in a helpless position because so long as the judgment remains unreversed he cannot appeal therefrom and it may be enforced against him. Furthermore, by such enforcement the stakeholder obtains no personal benefit which in fairness should be restored. The presence of the stakeholders in the action is solely for the purpose of making the judgment effective. Actually the litigation is between other parties. The plaintiff urges that the bank could have obviated any question as to its protection if it had obtained an order permitting the payment of the deposit into court. The question remains whether the disclaiming of any interest in these moneys, except that of a stakeholder and asking the court to adjudge to whom the moneys were due and payable so that the bank might be relieved of its responsibility was not in effect the equivalent of such payment into court. The Banking Law (Cons. Laws, ch. 2) provides: " The funds on deposit which are the subject of such an action may remain with such savings bank to the credit of the action until final judgment therein, and be entitled to the same dividends as

other deposits of the same class, and shall be paid by such savings bank in accordance with the final judgment of the court." (§ 250, subd. 2.)

While the above section does not expressly apply since it specifically relates to a situation where the bank petitions the court to bring into a suit against it other claimants to the fund whereas here the rival claimants were already parties to the suit, yet the statute provides that such a situation permits the bank to hold the money subject to the credit of the action and directs payment in accordance with the final judgment of the court. The action of the bank would seem to be in keeping with what was intended by the statute if not within its letter.

The plaintiff wife pending her appeal might have stayed execution on the original judgment and obtained complete protection by giving the required security. (Civil Practice Act, § 615.) Perhaps also she might have obtained a stay of payment by making application to the court and complying with such terms as the court might have imposed. The plaintiff did neither. She is, therefore, in no position to compel the defendant bank to pay over again when it shows as a defense that it did not pay voluntarily but made payment pursuant to the judgment of the court to which it had submitted itself as a mere stakeholder and from whose judgment it could not appeal nor ask a stay since the court, at the request of the defendant bank, had adjudged to whom the moneys should be payable by said bank.

It follows that the judgments should be reversed and summary judgment in favor of the plaintiff denied, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgments reversed, etc.