M. HeNey Martusgello, J.
In an action for a declaratory judgment, arising out of a dispute between two contending factions in the Church of the Holy Trinity (hereinafter referrec to as Trinity Church) as to the rights asserted by each factioi with respect to the control of parish funds and securities exceed ing the sum and value of $400,000, on deposit in defendan banks, the individual defendants move for summary judgmen and for an order directing the defendant hanks to pay over an( deliver said funds and securities pursuant to resolutions, date( October 11, 1955, filed with them in behalf of said church, or in the alternative, for an order directing the payment of salary and moneys allegedly due Dr. Herman Sidener, as rector of th church, and of the assessments and interest due the churcl pension fund. I
The facts giving rise to this action are as follows: The rector ship of Trinity Church became vacant in 1949. Thereafter th religious services of the church were conducted by William How ard Melish, its assistant minister since 1939, and by resolutio: of the vestry adopted in 1951 Mr. Melish was authorized t continue his services until the election and installation of rector when his employment as an assistant minister woul terminate.
The election of a rector was one of the functions of the vestry which, under the church’s charter, consisted of two churcl wardens and nine vestrymen. On February 7, 1956, at whic time there were two vacancies among the vestrymen, the vestr (hereinafter called the “ Sidener vestry ”) duly held a meetin for the purpose of electing a rector, and in attendance them were two churchwardens and four vestrymen, three other vestry men having intentionally absented themselves therefrom; an said attending officers unanimously adopted a resolution electin Dr. Herman Sidener to the rectorship; and in accordance there with the diocesan bishop on March 5, 1956 formally institute Dr. Sidener as the rector of the church.
Notwithstanding the institution as aforesaid, Mr. Melis] supported by the three vestrymen who, as stated above, absente *763 themselves from the February meeting, took the position that the resolution electing Dr. Sidener was invalid and consequently his employment as assistant minister had not terminated; and accordingly he continued to conduct the religious services of the church.
Thereupon an action was brought by the church and Dr. Sidener against Mr. Melish and his adherent vestrymen to obtain a judgment declaring the rights of the parties and granting injunctive relief. Pending the trial thereof, an application was nade before Mr. Justice Baker for a temporary injunction restraining said defendants from entering upon the church property or in any way attempting to conduct religious services >r exercise any dominion or control over said church or its property; and on March 14, 1956 said motion was denied upon he ground that Dr. Sidener’s election as rector was invalid nasmuch as the meeting whereat said election took place lacked i quorum as was required by section 42 of the Religious Corpora-ions Law (Rector, Church of Holy Trinity v. Melish, 1 Misc 2d 933); and on an appeal taken to the Appellate Division, the >rder entered on said decision was affirmed, but solely on the ground that the aforesaid denial was not an abuse of discretion 1 A D 2d 978).
On April 2, 1956 the annual parish election was held for he purpose of filling vacancies existing in the vestry which Lad occurred by expiration of terms or otherwise. The calling nd conduct of said election meeting, as well as of special meetngs, are controlled and regulated by section 43 of the Religious Corporations Law, which so far as is pertinent herein, provides ,s follows:
(4) “ Notice of such annual election or special meeting shall e read by the rector of the parish, or if there be none, or he e absent, by the officiating minister or by a church warden hereof, on each of the two Sundays next preceding such election r special meeting ”.
(5) “ The presiding officer of such annual or special meeting hall be the rector of the parish, if there be one, or if there e none, or he be absent, one of the church wardens elected m the purpose by a majority of the duly qualified voters preset, or if no church warden be present, a vestryman elected in ke manner. Such presiding officer shall be the judge of the ualifications of the voters; shall receive the votes cast; and hall declare the result of the votes cast.”
Dr. Sidener neither called nor presided at said annual election Leeting; but the parishioners nevertheless proceeded with the usiness thereof and elected a churchwarden and five vestry *764 men, thereby bringing the vestry up to its complement of 11 members, among whom would be included, as tbeir terms of office bad not expired, just two of the six vestry officers who attended the above-mentioned February meeting, and also the three vestrymen who absented themselves therefrom. The vestry as thus constituted, hereinafter referred to as the Melish vestry, on April 4, 1956 adopted a resolution providing for the disposition of the bank funds and securities of the church by written orders signed by two members thereof and filed same with the defendant banks. Prior to the adoption of this resolution, ■ the funds of the parish were under the control of designees who were members of the Sidener vestry, pursuant to a resolution thereof dated October 11, 1955 and on file with said banks.
The action against Mr. Melish was tried before Official Referee JohN MacCbaie ; and he decided in favor of the defendants therein on the ground that the meeting electing Dr. Sidener lacked a quorum (Rector, Church of Holy Trinity v. Melish, 3 Misc 2d 997); and on September 25,1956 judgment was entered in accordance therewith, adjudging that Dr. Sidener was not lawfully elected rector of the church and that Mr. Melish continued as assistant minister thereof until an election of a rector shall have taken place. Said plaintiffs shortly thereafter appealed from said judgment to the Appellate Division of this Department.
In the meantime the parish funds had been frozen as a result of the refusal of the defendant banks to honor the resolutions of either vestry on file with them; and as this condition continued after the rendition of the afore-mentioned judgment and with a view of remedying same, the Melish vestry, at a special meeting held on October 23,1956, authorized the institution of the instant action. On the same day, at a special meeting of the parish, the afore-mentioned two remaining officers whe had voted for Dr. Sidener were allegedly removed from office on charges of dereliction of duty; and the vacancies thereby resulting were purportedly filled at the annual parish electioi held on April 22, 1957. Dr. Sidener did not call or preside a any of these meetings.
On October 26,1956 this action was instituted in the corporate name of Trinity Church against said banks and individua defendants comprising the Sidener vestry; and judgment wal sought declaring that the resolution of April 4, 1956 was valie* and effective and that said individual defendants had no rightB title, interest or power with respect to the disposition of th<fl church’s funds and securities. I
*765 On June 24, 1957, the Appellate Division reversed the judgment of Official Referee Mag Cuate (4 A D 2d 256) and directed judgment for the plaintiffs in said action, which was accordingly entered in this court on June 27, 1957, adjudging that Dr. Sidener had been duly elected and installed as rector of the church and that the defendant Melish’s employment as assistant minister had been terminated, and restraining the defendants therein from interfering in any way with plaintiff Sidener’s control of worship at the church or of his use and control of the church and parish buildings. On December 5, 1957 the determination of the Appellate Division was affirmed by the Court of Appeals (3 NY 2d 476).
In seeking summary judgment, movants take the position’ that inasmuch as it has been adjudged that Dr. Sidener duly became the rector on March 5, 1956 and since he was forcefully prevented by the Melish faction from performing his duties as such, the meetings held after his installation, as above mentioned, were illegal in that said rector did not call or preside at same, as was required by section-43 of the Religious Corporations Law, and, consequently, all acts done in pursuance thereof were null and void.
The Melish faction, on the other hand, contends that from after March 14,1956, when Mr. Justice Baker denied the injunction pendente lite, up until after the reversal by the Appellate Division on June 24, 1957, Dr. Sidener remained away from each of the meetings in question because two Judges had ruled him out as rector and that he, therefore, must be deemed to have been absent within the meaning of subdivisions 4 and 5 of section 43 of the Religious Corporations Law, thus allowing those other people mentioned in said subdivisions to call and preside at said meetings. And said group further urges that the meetings of October 23 were properly held in view of Dr. Sidener’s status at that time, namely, that he was not the rector of the church, as had been determined by Official Referee MaoCeate, and their rights, valid when exercised, can in no way be affected by the subsequent reversal of the judgment. To state it differently, they claim the same protection of rights as is accorded those of innocent third parties who rely and act on judgments subsequently reversed in actions to which they are strangers.
The law applicable to a situation as exists herein is succinctly expressed in Rinzler v. Citizens Sav. Bank (271 N. Y. 176) where the court said (pp. 179-180): “ The general principle is well established that strangers to the action, in the sense that they are neither plaintiffs nor defendants therein, may rely and *766 act upon existing judgments of the court even though these are subsequently reversed. (Lowenstein v. Reikes, 258 N. Y. 444.) On the other hand, it is equally well established that, while parties to an action are bound by a judgment recovered therein as long as it remains unreversed, they lose that protection when a reversal is had upon appeal. (Haebler v. Meyers, 132 N. Y. 363; Millfield Realty Co. v. Catena, 257 N. Y. 515.) * * * The rule * * * enunciated, namely, that issues litigated are not finally determined until the judgment or order of the trial court has been affirmed upon appeal or the time to appeal has expired, cannot be successfully controverted because, unless the rights of the parties are subject to change by appeal, the appeal would be nugatory.”
The rights secured by Dr. Sidener by the reversal would be meaningless, indeed defeated, if the acts of the parishioners and of the Melish vestry, in violation of those rights, were permitted to stand. As the church was a party to the action wherein the reversal was obtained, and the meetings in question were held on its behalf and in its interest, I can conceive of no reason why the parishioners or the members of the Melish vestry are entitled to greater rights than can be claimed by the church itself. I therefore rule that the reversal of the judgment restored the parties to the positions and rights they had as of the time Dr. Sidener was installed as rector; and, thus, Dr. Sidener was the only person entitled to call and preside at the annual or special meetings in question (cf. People ex rel. Smith v. Peck & Wortendyke, 11 Wend. 604). The contention that he was absent within the meaning of section 43 of the Eeligious Corporations Law is without merit. Absent, as used in that statute, means a remaining away induced, not by force or strategy, but by the exercise of one’s free choice. Movants claim that Dr. Sidener was forcefully prevented from performing his functions as rector by the Melish faction; and not only did the parties opposing this motion fail to dispute same, but Official Eeferee Mac Crate also made a finding to that effect (see 3 Misc 2d 997, 1007). Since Dr. Sidener was prevented from calling and presiding at such meetings, same were illegally held. It therefore follows that six of the members of the Melish vestry were illegally elected on April 2, 1956 and that said vestry, as thus constituted, lacked authority to adopt the bank resolution of April 4, as well as to authorize on October 23 the institution of the instant action.
No successor officers having been legally elected thereto, the vestry, as constituted when Dr. Sidener was installed as rector, has continued, and still continues, as the vestry of the parish *767 by virtue of subdivision 10 of section 43 of the Religious Corporations Law, and it alone has the control of the bank funds pursuant to the resolution of October 11,1955 which still remains in full force and effect.
The cases cited by the Melish group, that is, Langley v. Warner (3 N. Y. 327); Harris v. Jex (55 N. Y. 421) and Great Northern Ry. v. Sunburst Co. (287 U. S. 358) are not contra to the principles expressed above, but in fact reaffirm the principle that strangers to an action may rely and act upon existing judgments of the court even though they are subsequently reversed.
People ex rel. Republican & Journal Co. v. Lazansky (208 N. Y. 435), also cited, is not controlling. There the relator sued to recover for services rendered in publishing session laws pursuant to its designation for that purpose by a County Board of Supervisors as a result of a determination by the Appellate Division, in an action affecting said parties, which was later reversed by the Court of Appeals; and it was held that the relator was entitled to recover for services rendered up to the time of the reversal. That case is distinguishable in that both the Board of Supervisors and the publisher acted in reliance on a judgment which was later upset. Here, however, Dr. Sidener at no time participated in any of the acts allegedly done in reliance on the judgment effective at the time, he having been forcefully prevented from asserting his rights.
Accordingly, the motion for summary judgment is granted. The branch of the motion for an order directing the defendant banks to pay over and deliver the moneys and securities deposited with them to the movants is also granted, provided, however, that the banks’ lien for custody of the funds and securities shall be paid therefrom. The order to be entered herein shall provide that the disposition herein shall be without prejudice to any rights of the banks to expenses, costs and disbursements in the action.
Settle order on notice.