■ BERNARD J. SHEVLIN et al., Respondents, v NATIONAL CONSERVATION CORPORATION, Respondent, and ROLAND VEILLETTE et al., Appellants. [605 NYS2d 593] —Order and judgment unanimously modified on the law and as modified affirmed with costs to respondents Roland Veillette and John Long, Sr., in accordance with the following Memorandum: Petitioners Shevlin and Mentley each hold 25% of the voting stock of National Conservation Corporation (Corporation). They commenced this special proceeding pursuant to Business Corporation Law § 619 for a determination of the validity of the election procedure employed at the June 10, 1992 meeting of shareholders and the validity of the election of officers at the subsequent meeting of the Corporation's Board of Directors. Supreme Court summarily determined that an Assignment of Right to Vote Stock, whereby Mentley and respondents Long and Veillette agreed to transfer to Shevlin the right to vote three shares of stock owned by each of them, was not terminated prior to the shareholders' meeting, implicitly invalidating the ruling made at that meeting by the Corporation's Inspector of Elections. The court also summarily determined that the meeting of the Board of Directors was properly convened, and it confirmed the election of officers.

The Corporation's By-Laws require that an annual meeting of shareholders be held on the first Wednesday of April of each year, and that, if an annual meeting is not held, a

special meeting may be called for the election of directors. The By-Laws further provide for either regular or special meetings of the Board of Directors. Regular meetings may be held without prior notice to directors either immediately after the annual meeting of shareholders or at times fixed by the Board. Special meetings of the Board may be held only upon prior notice given in accordance with the By-Laws.

In April 1992, petitioners asked respondent Long, who was then the President, to call an "Annual and Special Meeting" of the shareholders. Long responded by sending written notice to all shareholders that a "Special Meeting" of shareholders would be held on June 10, 1992. During that meeting, Long repeatedly informed petitioners that the meeting was a special meeting, not the annual meeting. It is undisputed that an annual meeting was not held in April. The By-Laws further authorize the holders of 50% of the stock to call a special meeting of shareholders. That procedure for calling such a meeting was followed in this instance. Thus, we conclude that the June 10, 1992 meeting was a special meeting of shareholders, not an annual meeting. The June 10, 1992 Board meeting was held immediately after the special meeting of shareholders held on that same date. No prior notice of that Board meeting was given to the directors. Because prior notice was not given to the directors, that meeting of the Board of Directors was improperly convened and the election of officers and Chairman of the Board at that Board meeting was invalid, null and void.

With respect to the validity of the election process conducted at the meeting of shareholders, petitioners contend that the Inspector of Elections erroneously concluded that the Assignment of Right to Vote Stock (Assignment) was terminated; that the Inspector should have ruled that Shevlin had the right to vote Veillette's three shares of stock; and that, had the Inspector upheld Shevlin's right to vote those shares, petitioners' motions to reduce the number of directors and to elect themselves as directors would have passed by a majority vote. We conclude that the Inspector properly determined that the Assignment was terminated.

On June 2, 1988, Long, Veillette and Mentley each agreed to transfer to Shevlin the right to vote three shares of stock. The parties signed the Assignment, which identified Long, Veillette and Mentley collectively as the assignors and Shevlin as assignee. The Assignment also provided that Shevlin would vote the nine shares "in a manner consistent with the best interests of the Corporation" and that the Assignment

would continue as long as any of the assignors or their successors continued to be shareholders. In December 1989, Shevlin and Long entered into an agreement to terminate the assignment of the right to vote Long's shares of stock. By entering into that termination agreement, Shevlin repudiated the Assignment in two respects. First, by terminating the assignment of the right to vote Long's three shares, Shevlin voluntarily rendered himself incapable of performing his express duty to vote *nine* shares in a manner consistent with the Corporation's best interests *(see, Union Ins. Co. v Central Trust Co.,* 157 NY 633, 641; *cf., 200 E. 87th St. Assocs. v MTS, Inc.,* 793 F Supp 1237, 1253, *affd* 978 F2d 706). Second, he further repudiated the Assignment by voluntarily engaging in conduct contrary to that provision of the Assignment continuing the life of the Assignment as long as any of the assignors, or their successors, continue to be shareholders *(see generally,* 22 NY Jur 2d, Contracts, § 378). Under the circumstances, Supreme Court erred in concluding that Shevlin could enforce the very Assignment that he repudiated.

A special proceeding instituted pursuant to Business Corporation Law § 619 is tantamount to a motion for summary judgment *(see,* CPLR 409 [b]; *Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.],* 18 NY2d 250, 255, *cert denied sub nom. McInnes v Port of N. Y. Auth.,* 385 US 1006; *Matter of Jones v Marcy,* 135 AD2d 887, 888). Because the parties submitted no extrinsic evidence on material issues affecting interpretation of the Assignment, interpretation of that document is a legal issue for the court to decide *(see, Deering Milliken v Clark Estates,* 43 NY2d 545, 549; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291-292). This Court, therefore, can exercise the same power it possesses on appeals from summary judgment determinations and can grant that judgment warranted by the record *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112). Thus, we modify the order and judgment by confirming those rulings made at the meeting of shareholders concerning termination of the Assignment and motions pertaining to the number and election of directors; by determining that the June 10, 1992 meeting of the Board of Directors was improperly convened and that all elections conducted at that Board meeting were invalid, null and void; and by directing that the Board hold new elections for officers of the Corporation *(see,* Business Corporation Law § 619; *Wolpert v First Natl. Bank,* 381 F Supp 625, 633). (Appeal from Order and Judgment of Supreme Court, Erie County, Fudeman, J.—Stock Assignment.) Present—Pine, J. P., Balio, Doerr and, Boehm, JJ.