■ In the Matter of SAMBASIVA R. VENIGALLA et al., Appellants, v ALAGAPPA ALAGAPPAN et al., Respondents. [763 NYS2d 765] —In proceeding, inter alia, pursuant to N-PCL 706 to remove the Board of Trustees of the Hindu Temple Society of North America, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Golia, J.), dated April 18, 2002, as denied those branches of their petition which were to remove the Board of Trustees of the Hindu Temple Society of North America, invalidate the post-1970 bylaws, and appoint a referee.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, those branches of the petition which were to remove the Board of Trustees of the Hindu Temple Society of North America, invalidate the post-1970 bylaws, and appoint a referee, are granted, the 1970 bylaws are reinstated, the matter is remitted to the Supreme Court, Queens County, for the appointment of a referee to direct and oversee a reorganizational meeting of the Hindu Temple Society of North America, for the purpose of electing a new Board of Trustees, and the present Board of Trustees shall remain in office until a new board is elected.

The respondent Hindu Temple Society of North America (hereinafter the Society) duly adopted bylaws in 1970. The bylaws specifically required that any proposed amendments thereto be circulated in advance of a meeting of the Society's members. Approval of proposed amendments required a two-thirds vote of the members. It is undisputed that since the adoption of the 1970 bylaws, the Board of Trustees (hereinaf-

ter the Board), acting alone, purported to adopt and amend subsequent bylaws beginning in 1978 and continuing through 2002. There is no evidence in the record that the required procedures were ever followed to amend the 1970 bylaws. In fact, the respondents did not rebut the petitioners' showing that the Society's members never voted on amendments to them. Accordingly, the Supreme Court should have voided the bylaws postdating 1970.

Moreover, under the 1970 bylaws, election to the Board required a simple majority of votes from eligible members. No evidence was presented establishing that any of the current Trustees was legally elected to his or her post; thus, those Trustees acquired no legal right to such offices (*see* 92 NY Jur 2d, Religious Organizations § 47). Elections of trustees of religious corporations that are not conducted pursuant to proper bylaws or statutory requirements are invalid, and those persons purportedly elected acquire no legal right to such offices (*see Matter of Kaminsky,* 251 App Div 132 [1937], *affd* 277 NY 524 [1938]; *Matter of Ruthenian Greek Catholic Church of St. George,* 224 App Div 113 [1928], *affd* 249 NY 607 [1928]), and their performance of functions of the offices is a nullity (*see Rector, Churchwardens & Vestrymen of Church of Holy Trinity, Brooklyn, N.Y. v Manufacturers Trust Co.,* 18 Misc 2d 761 [1959], *affd* 9 AD2d 932 [1959]; *see also Shevlin v National Conservation Corp.,* 199 AD2d 995 [1993]; *cf. Morris v Scribner,* 69 NY2d 418 [1987]; *Kroth v Congregation Chebra Ukadisha Bnai Israel Mikalwarie,* 105 Misc 2d 904 [1980]).

We further agree with the petitioners that the Supreme Court erred in holding that the individual respondents were not subject to removal under the N-PCL as they were not "directors" within the meaning of that statute. In declining to remove the Trustees, the Supreme Court noted that N-PCL 714 permits the removal of "directors" under certain circumstances, but that the individual respondents in this case were "trustees"; thus, N-PCL 714 was inapplicable. The Supreme Court erroneously referenced N-PCL 714, since that section governs the removal of "officers." N-PCL 706 governs the removal of directors, a term the statute elsewhere defines as "any member of the governing board of a corporation, whether designated as director, trustee, manager, governor, or by any other title" (N-PCL 102 [a] [6]). In sum, the N-PCL, which is applicable in this context since the Religious Corporations Law contains no inconsistent provision (*see* Religious Corporations Law § 2-b [1] [a]; N-PCL 103 [c]; *Rector, Church Wardens & Vestrymen of St. Bartholomew's Church v Committee to*

*Preserve St. Bartholomew's Church,* 84 AD2d 309 [1982]), clearly does not preclude the removal of the Trustees in this case.

Given our determination, this matter is remitted to the Supreme Court, Queens County, for the appointment of a referee to direct and oversee a reorganizational meeting of the Society for the purpose of electing a new Board.

The remaining contentions of the parties either are academic in light of the foregoing determination or without merit. Ritter, J.P., S. Miller, Luciano and H. Miller, JJ., concur.