■ In the Matter of SAMBASIVA RAO VENIGALLA et al., Respondents-Appellants, v DATTATREYUDU NORI et al., Appellants-Respondents. ATTORNEY GENERAL OF STATE OF NEW YORK, Intervenor Pro Se. [840 NYS2d 365]—

In a proceeding, inter alia, pursuant to N-PCL 706 to remove the Board of Trustees of Hindu Temple Society of North America, Dattatreyudu Nori, Gaddam D. Reddy, Sreedhar Kavil, Jaya Sivamurthy, Chitti Ramakrishna Moorthy, Hyma Reddy, Shivakumar K. Prabhat, Uma Mysorekar, Saimamba Veeramachaneni, Vijay Khanna, S. Sundararaman, L.S. Panchal, Raj Gopal, Pathmini Panchacharam, Sekhar Viswanathan, Haresh Sajnani, and Hindu Temple Society of North America appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), entered June 16, 2004, as denied that branch of their motion which was pursuant to CPLR 4403 for an order rejecting the interim report of the referee, and granted that branch of the petitioners' cross motion which was to modify an order of the same court dated October 23, 2003, so as to direct the individual party respondents to pay the fees of the referee appointed by the order dated October 23, 2003, (2) from an order of the same court dated September 13, 2004, which, upon the order entered June 16, 2004, directed the individual party respondents to pay interim fees to the referee in the sum of $5,100, and (3) from a judgment of the same court dated March 23, 2006, which, inter alia, upon a report of the referee dated March 10, 2006, directed that the newly-elected trustees of Hindu Temple Society of North America must assume their duties upon the signing of the judgment, and the petitioner Krishnamurthy Aiyer and the petitioners Sambasiva Rao Venigalla, Kattinger V. Rao, Anand Mohan,

Venkaiah Dama, and Nehru Cherukupalli, separately cross-appeal from the judgment.

Ordered that the cross appeals are dismissed as abandoned, without costs or disbursements (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that appeal from so much of the order entered June 16, 2004, as denied that branch of the motion of the party respondents which was pursuant to CPLR 4403 for an order rejecting the interim report of the referee is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered June 16, 2004 is reversed insofar as reviewed, on the facts and in the exercise of discretion, without costs or disbursements, and that branch of the petitioners' cross motion which was to modify the order dated October 23, 2003, so as to direct the individual party respondents to pay the fees of the referee appointed by the order dated October 23, 2003, is denied; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order dated September 13, 2004 is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated September 13, 2004 is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the individual party respondents to pay the interim fee of the referee, and substituting therefor a provision directing all of the individual parties to pay the interim fee of the referee and to bear the cost equally; as so modified, the order dated September 13, 2004 is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from so much of the intermediate order entered June 16, 2004, as denied that branch of the motion of the appellants-respondents which was pursuant to CPLR 4403 for an order rejecting the interim report of the court-appointed referee must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that provision of the order entered June 16, 2004 are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On a prior appeal, this Court found that the appellant-respondent Hindu Temple Society of North America (hereinafter the Hindu Society) had adopted bylaws in 1970 (hereinafter

the 1970 bylaws), which provided for election of trustees by the members of the Hindu Society, and that the Hindu Society failed to comply with the 1970 bylaws. We further determined that the Hindu Society neither amended nor repealed the 1970 bylaws (see Matter of Venigalla v Alagappan, 307 AD2d 1041 [2003]). Those findings constitute the law of the case, and cannot be challenged on this appeal inasmuch as such a challenge could have been raised on the prior appeal, but was not (see Fiorenti v Central Emergency Physicians, PLLC, 19 AD3d 539 [2005]; Palumbo v Palumbo, 10 AD3d 680, 682 [2004]). Thus, the Supreme Court correctly directed that the newly-elected trustees of the Hindu Society assume their duties upon the signing of the judgment in this proceeding.

Under the circumstances, the Supreme Court should have directed that interim payment for the referee's services be borne equally by all of the individual parties to this proceeding, rather than solely by the individual party respondents.

The remaining contentions of the appellants-respondents are without merit. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.