JULIUS FORSTMAN, Respondent, *v.* RUTH A. SCHULTING, Executrix, etc., and C. BAINBRIDGE SMITH, Attorney, etc., Appellant.

An attorney who has received money in payment of costs awarded to his client by an erroneous order, which has been reversed, and who has the money in his hands, may be compelled to restore it by order and attachment.

*Langley* v. *Warner* (3 N. Y. 327) distinguished.

(Argued December 13, 1887; decided January 17, 1888.)

APPEAL by C. Bainbridge Smith, defendant's attorney, from an order of the General Term of the Supreme Court in the first judicial department, made June 1, 1886, the substance of which order, as well as the material facts, are stated in the opinion.

*Nathaniel C. Moak* for appellant. The court will not order an attorney to pay over a sum of money, except upon the application of the client to whom the money is due. (*In re Fenton*, 5 Nev. & M. 239; 2 Ad. & El. 404; 30 E. C. L. 129.) There is no power in the court to compel an attorney to pay money in a case where an action against him to recover it could not be maintained. (*Bates* v. *Sturges*, 2 Mo. & Le. 172; *S. C.*, 28 E. C. L. 284.) One acting in the character of a known agent is not liable but only his principal. (*Judson* v. *Gray*, 11 N. Y. 408; *Langley* v. *Warner*, 3 id. 327; *Robins* v. *Bridge*, 3 M. & W. 114; *Bonynge* v. *Field*, 81 N. Y. 159; *Geib* v. *Topping*, 83 id. 46.) The law presumes an attorney's fees and charges are equal to costs awarded in the action. (*McGregor* v. *Comstock*, 28 N. Y. 237; *Ennis* v. *Curry*, 22 Hun, 587; *Marshall* v. *Meech*, 51 N. Y. 140, 144; *In re Bailey*, 5 Civ. Pro. Rep. 253, 257.) The alleged promises of Mr. Smith to repay the cost were legal promises that his principal and client should pay. (*Covell* v. *Hart*, 14 Hun, 252–254; *Bonynge* v. *Waterbury*, 12 id. 534; *Sheridan* v. *Genet*, 12 id. 560.)

*Matthew Hale* for respondents. The order to compel the attorney, as an officer of the court, to restore to plaintiff moneys to which he had no claim, but which had been wrongfully taken from plaintiff, was within the discretion of the Supreme Court and is, therefore, not appealable. (*Fraser* v. *Ward*, 9 Civ. Pro. Rep. 11, 16; *In re Wilmerding & Mount* v. *Fowler*, 55 N. Y. 641.) Costs are awarded to and belong to the *party*. They do not belong to the attorney. (Code of Civ. Pro., §§ 66, 3228, 3229.) An omission to set up a lien when a claim is made to property, is a waiver of the lien. (*Maynard* v. *Anderson*, 54 N. Y. 641; *De Bouverie* v. *Gil-*

*lespie,* 2 Edw. Sel. Cas. 472; *Heine* v. *Anderson,* 2 Duer, 318, 327.)

RUGER, Ch. J. The appellant is the attorney of the defendant and appeals to this court from an order of the General Term requiring him to return to the plaintiff certain moneys collected of him by said attorney as costs, under an erroneous order. From the quite imperfect statement of the facts in the case we infer that the defendant obtained an order at Special Term awarding him certain costs against the plaintiff which were paid, but upon appeal, the General Term reversed so much of the order as awarded costs, in excess of those allowed upon a motion, and ordered the defendant to repay such excess to the plaintiff within five days after service of its order. Upon application to the defendant's attorney for repayment, he, at various times, promised to repay them, but neglected to do so. Thereupon this application was made to compel such payment.

The General Term made an order requiring the attorney to make restitution of such costs, unless the same should be paid within twenty days by the defendant, or unless the attorney should make and file an affidavit that said costs had been paid over by him to his client. The defendant's attorney neglected to avail himself of the terms extended by the order, and appealed to this court for a reversal of the same. We think the order was properly made and should be enforced. It has been the uniform practice of the courts to exercise summary jurisdiction over the conduct of parties and attorneys, in actions pending in court, and enforce obedience to orders and directions made by it, in the interest of fair dealing and honesty, to protect all parties or persons whose rights have been affected by the litigation. Both parties and attorneys who, through the aid of the court, have come into possession of property or money during a litigation, which subsequent proceedings in the action show was either wrongfully acquired, or unjustly retained, may be compelled to restore it to the rightful owner by order and attachment to enforce such restoration.

It was held in *Langley* v. *Warner* (3 N. Y. 327), that where moneys were collected by execution from a party to an action, and were paid over to the attorney of the party recovering the judgment, who had agreed with such attorney that he might retain and apply such moneys upon a previous indebtedness to him, and such application of the money had been made, that no action arose against the attorney in favor of the party from whom such moneys were collected, although the judgment upon which they were received was subsequently reversed. It was said that the title to the moneys collected had vested in the client and that he had in good faith paid them out to his attorney, and although the party remained liable to restore them, the attorney could not be subjected to an action therefor. But that is far from being this case. Here the attorney has received moneys under an erroneous order and still has them in his hands. Not only that, but he has several times promised to repay them. It would be a reproach to the law if the court, knowing that one of its officers had money in his hands which had been erroneously taken from a party to the action, could not compel such officer to restore them to the rightful owner.

In the case of *Wilmerdings* v. *Fowler*, as reported in 14 Abb. Pr. R. (N. S.) 249, and subsequently upon reargument and rehearing in 15 id. 86, and 55 N. Y. 641, it was held, as shown by the head note in 55 N. Y., that "when an attorney, without fraud, collects money, as attorney, and pays it over to his client, although the one paying it shows that he is entitled to have it refunded, an order will not be granted requiring the attorney personally to refund it, but in such case the fact of payment over should be clearly shown."

This case fairly implies that if the money had been obtained by the fraud of the attorney, an order would be made by the court requiring the attorney to repay it regardless of the fact whether he had paid it to his client or not, and that most clearly he would be required to repay it if he had the money in his hands and had not paid it over. The appellant makes

the claim that this money having been received by the attorney as costs, creates a distinction between it and other cases where attorneys have been required to restore moneys erroneously obtained. We do not think that circumstance creates any valid distinction, for it is the wrongful acquisition and retention of the property of another which authorizes the court to order its restoration. We think the case of *Wilmerdings* v. *Fowler* is in point.

The order should be affirmed, with costs.

All concur.

Order affirmed.