Harry LeGros, Respondent, *v.* Chain Shirt Shops, Inc., Appellant.

First Department, April 17, 1919.

**Attorney and client — summary application to compel attorney, not of record, to restore moneys received from judgment subsequently reversed.**

Where on appeal from an order denying a summary application to compel an attorney to restore moneys to the defendant, which the attorney received from a judgment which has since been reversed, it appears that said attorney was not the attorney of record but had procured another attorney to prosecute the action under an agreement by the latter to pay him a certain sum from the proceeds of any recovery, and it is uncertain whether the sum paid to the attorney in question was from the moneys retained by the attorney of record for disbursements and services in the action or from moneys collected on the execution over and above the reasonable and necessary expenses and disbursements, the discretion of the Special Term should not be disturbed.

But the fact that said attorney was neither a party nor the attorney of record does not prevent the granting of relief.

Appeal by the defendant, Chain Shirt Shops, Inc., from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1919, as denies its motion to compel Lawrence Cohen, an attorney,

to restore to it moneys which he received from a judgment which has since been reversed.

*Benjamin Reass* of counsel [*Hugo Hirsh* and *Emanuel Newman* with him on the brief; *Hirsh, Newman & Reass*, attorneys], for the appellant.

*Albert De Roode,* for the respondent.

Smith, J.:

The plaintiff made claim against the defendant for services rendered. He went to Lawrence Cohen, an attorney, to retain him to prosecute the action. Lawrence Cohen stated to the plaintiff that by reason of his relations with some officers of the defendant, he preferred not to prosecute the action himself, but he took the plaintiff to Isidore Cohn, another attorney, and handed over the case to him upon an agreement with Isidore Cohn that, from the proceeds of any recovery, Isidore Cohn was to pay him the sum of $150.

The plaintiff was successful in the Municipal Court and execution was issued upon which was collected, after the payment of the sheriff's fees, about $1,067. At the time these moneys were collected, Isidore Cohn was somewhere in the west. Lawrence Cohen went with the marshal, collected the moneys, they were taken to the office of Isidore Cohn and something less than $500 was paid to the plaintiff. Isidore Cohn swears that he retained $444.75 for his services and that there was paid to Mr. Lawrence Cohen $150 *of that amount* for bringing the case to the office. It is a suspicious circumstance, with the affidavits of all these people who participated in the distribution of these moneys, that they are unable to account for so large an amount of the moneys received.

An appeal was taken by the defendant to the Appellate Term, where the Municipal Court judgment was reversed and the plaintiff's complaint dismissed. Thereafter defendant moved at the Appellate Term for restitution, which was granted. The defendant then made an application at Special Term to compel the plaintiff and Isidore Cohn and Lawrence Cohen to return the moneys received by them respectively as the proceeds of the judgment which had been reversed.

The application to compel the plaintiff to restore the moneys received is not here, nor is the application to compel Isidore Cohn to restore the moneys received by him. As to Lawrence Cohen, the Special Term denied the motion and from this part of the order the defendant here appeals.

The fact that Lawrence Cohen was not either a party or the attorney of record does not prevent the granting of the relief. (*Costar* v. *Peters*, 4 Abb. Pr. [N. S.] 53.)

Moreover, by section 1323 of the Code of Civil Procedure, which authorizes this order for restitution, it is provided that such order shall not be granted " so as to affect the title of a purchaser in good faith and for value." This clause would seem to be meaningless and superfluous, except as a recognition of the right to order restitution from a third party who was not a purchaser for value and in good faith. By section 3247 of the Code the court may, upon motion, order a beneficiary interested in an action to pay the costs of the action, though such person be not a party to the action or an attorney. There is no difficulty, therefore, in holding Lawrence Cohen by reason of the fact that he was not the attorney of record.

It has been held, however, that where moneys were paid by the party to his attorney for disbursements and services in the action, while restitution can be ordered from the party himself, it cannot be ordered from the attorney who receives the money. (*Langley* v. *Warner*, 3 N. Y. 327; *Wright* v. *Nostrand*, 53 N. Y. Super. Ct. 381. But see *Forstman* v. *Schulting*, 108 N. Y. 110.) It is further held that the granting of the order is discretionary and that the court may decline to grant the order summarily and leave the party to his action for restitution. (*Market Nat. Bank of N. Y.* v. *Pacific Nat. Bank*, 102 N. Y. 464.) Isidore Cohn, the attorney, swears that this so-called honorarium was paid to Lawrence Cohen from the moneys retained by him for disbursements and services in the action. If that be so, it may be that restitution cannot be ordered. If, however, the moneys were paid to Lawrence Cohen from moneys collected on the execution over and above the reasonable and necessary expenses and disbursements, simply upon an agreement to pay this sum to Lawrence Cohen for bringing the case to Isidore Cohn,

a different rule might apply. With the uncertainty, therefore, appearing, as to what moneys were in fact paid to Lawrence Cohen, as well as to whether they were paid from the reasonable and necessary charges of Isidore Cohn in the action, we cannot say that the discretion at Special Term was not properly exercised in refusing to grant the defendant relief upon this summary application.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.