MARLEE, INC., Appellant, *v.* THORIA BITTAR, Respondent.

(Argued June 12, 1931; decided July 15, 1931.)

*Adolph Feldblum, Alfred B. Nathan* and *S. Howard
Imbrey* for appellant. The order appealed from provides, not for restitution, but for the collection of a money
judgment, which lawfully can be enforced only by execution. (Civ. Prac. Act, § 587.) The money ordered to
be paid into court by the plaintiff was never owned by
plaintiff and was not part of the proceeds of the foreclosure sale. (*Langley* v. *Warner,* 3 N. Y. 327; *Lester* v.
*Lawyers Surety Co.,* 50 App. Div. 188; *Matter of White,*
82 App. Div. 555; *Thaxter* v. *Thain,* 100 App. Div. 488.)
The provision in the order appealed from for payment
of the amount of defendant's lien to the City Chamberlain is improper. (*O'Gara* v. *Kearney,* 77 N. Y. 423;
*LeGros* v. *Chain Shirt Shop,* 187 App. Div. 368; *Harris* v.
*Elliott,* 163 N. Y. 269; *Devlin* v. *Hinman,* 40 App. Div.
101; *Meyer* v. *Becker,* 95 N. Y. 486; *Rowley* v. *Feldman,*
84 App. Div. 400; *Newell* v. *Hall,* 74 App. Div. 278;
Civ. Prac. Act, § 504.)

*Herman Kahn* for respondent. The remedy of restitution by order of the appellate court, after a reversal
has been directed, is firmly established by the provisions
of section 587 of the Civil Practice Act, and is a remedy
independent of statute. (*United States Bank* v. *Bank of
Washington,* 6 Pet. [U. S.] 8; *Haebler* v. *Myers,* 132 N. Y.
363; *Rudiger* v. *Coleman,* 206 N. Y. 412; *Market Nat. Bank*
v. *Pacific Nat. Bank,* 102 N. Y. 464; *Carlson* v. *Winterson,*
146 N. Y. 345.) The defendant's right and lien upon
the property having been lost by means of the erroneous
judgment, she was entitled to have the value or the purchase price, or the proceeds of the sale under the erroneous
judgment, restored and deposited so as to permit restitution therefrom. (*Murray* v. *Berdell,* 98 N. Y. 480.)

LEHMAN, J. The plaintiff brought an action to foreclose a purchase-money mortgage signed by the defendant. The defendant sought to rescind the purchase,
and claimed a lien upon the mortgaged premises for

moneys paid by her. Judgment of foreclosure was rendered in favor of the plaintiff and pursuant to that judgment the property was sold at public auction and was bid in by the plaintiff for the sum of $100. The defendant appealed from the judgment but secured no stay pending the appeal. The judgment of foreclosure was reversed and then it was adjudicated that the defendant had a lien in the sum of $4,097.39, and that the mortgaged property should be sold to satisfy that lien. Before that time the plaintiff had transferred its bid to its president who in turn sold it for more than $6,000 to the Parade Holding Corporation which now holds title to the property. The defendant maintained that the purchaser upon the sale under the erroneous judgment of foreclosure took subject to the defendant's lien. The court at Special Term held otherwise, and the defendant has been denied the right to enforce its lien against the property. Then the Appellate Division made an order of restitution pursuant to section 587 of the Civil Practice Act directing the plaintiff to deposit with the City Chamberlain out of the proceeds received upon the sale of the mortgaged property a sum sufficient to satisfy the defendant's lien with interest and costs.

The Appellate Division has power to compel the restitution of property or of a right lost by an erroneous judgment; " but not so as to affect the title of a purchaser in good faith and for value." (Civ. Prac. Act, § 587.) If title to the property had been taken by the plaintiff as the highest bidder upon the sale under the erroneous judgment of foreclosure, the defendant could still have enforced her lien upon the property. The right to enforce that lien has been lost because the property was transferred by the plaintiff to an assignee who has been held to be a purchaser for value and in good faith; but in place of the property which was subject to a lien, the plaintiff received the purchase price. True, the plaintiff claims that the bid was assigned to its presi-

dent, who retained the proceeds, and that the plaintiff received only the balance of its bid of $100 after deduction of the expenses of the sale, but the record shows beyond a doubt that the president acted for the corporation and holds or has disposed of the proceeds for its benefit. Those proceeds take the place of the property which has been sold, and, as an adjunct of its power to compel restitution, the court may compel the " value or the purchase price to be restored."

In effect an order to restore or pay over to a successful appellant a sum of money received pursuant to the erroneous judgment which has been reversed is a final judgment and is enforceable by execution against property, but not by punishment for contempt. (*O'Gara* v. *Kearney*, 77 N. Y. 423; *Harris* v. *Elliott*, 163 N. Y. 269.) Here the order contains a provision for payment to the Chamberlain of the city of New York, and that provision has been inserted in order that the order may be enforced by contempt proceedings. No authority for that provision can be found in the statute. The very basis of the order of restitution is that the sale under the erroneous judgment of foreclosure was lawful. No wrong was committed by proceedings in accordance with a judgment which was valid and enforceable until reversed on appeal, and no moneys received by the plaintiff for the property it purchased at the sale were payable to the Chamberlain. Its obligation to pay or restore moneys received by it arises from the order of restitution and is enforceable only by execution against its property.

The order of the Appellate Division should be modified by striking out the provision for payment to the Chamberlain of the city of New York, and as modified affirmed, without costs. The question certified should be answered in the negative.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.