MILLFIELD REALTY COMPANY, Respondent, *v.* EUGENE P. CATENA et al., Defendants, and JOSEPH P. DAY, INC., Appellant.

(Submitted November 16, 1931; decided November 24, 1931.)

(See 256 N. Y. 435.)

*William Harvey Smith* for motion.

*Sol L. Youngentob* opposed.

CARDOZO, Ch. J. The plaintiff, the successful bidder at an auction sale, brought this action against Joseph P. Day, Inc., the auctioneer, and Eugene Catena and wife, the owners, to recover the down payment and expenses.

The trial judge dismissed the complaint, and incorporated in his judgment a direction that the auctioneer be permitted to retain its commissions ($881.25) and expenses ($134), and that it turn over to the sellers $2,534.75, the amount of the deposit after making these deductions.

The plaintiff appealed from that judgment to the Appellate Division. The auctioneer did not appeal, but surrendered the deposit, deducting only the items for which its own lien had been declared. On the appeal by the plaintiff the Appellate Division reversed the judgment altogether, and gave judgment against the Day corporation and the owners for the full amount of the deposit ($3,525), and the expenses and damages incidental to the sale.

The auctioneer, but not the owners, appealed to this court. On that appeal the judgment of the Appellate Division was modified by striking out $441.50, the expenses of the sale and damages, and as modified affirmed (256 N. Y. 435).

The motion before us is by the auctioneer for an order of restitution, directed to the co-defendants Catena and calling for the refund of the part of the deposit received to their use. The motion prays for like relief against the attorney for Catena, it appearing that the owners paid to the attorney the entire amount received by them, less $500 only, in payment for professional services in this and other litigations.

So far as the defendants Catena are concerned, a case for restitution is made out (Civ. Prac. Act, § 587). The action in its inception was one to recover a personal judgment against the Day corporation for the collection of a debt, and as against the defendants Catena to impress a lien upon the land. Without opposition from any one, the trial judge treated the action, in response to a prayer for relief in the auctioneer's answer, as an action in equity to distribute a specific fund. The judgment of the Appellate Division, affirmed by this court, directed the auctioneer, who avowed himself a stakeholder, to pay this fund to the buyer after the judgment of the trial court had directed him to pay the greater part of it to the owners. To the extent that the effect of the reversal has been to impose conflicting duties with the result of a

double payment, there should be reparation for the loss (*Marlee, Inc.,* v. *Bittar,* 257 N. Y. 240).

So far as the attorney is concerned, no case is made out for restitution either on motion or by action.

Upon payment of the deposit the title to the money became vested in the sellers, and a creditor to whom they disbursed it afterwards may keep it as his own (*Langley* v. *Warner,* 3 N. Y. 327; *LeGros* v. *Chain Shirt Shops, Inc.,* 187 App. Div. 371).

The motion should be granted as to the defendants Catena, and denied as to their attorney.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.