In the Matter of CLARENDON ROAD, from East Fortieth to Forty-ninth Streets, and from Kings Highway to the Junction of Ralph and Ditmas Avenues, in the Borough of Brooklyn.

Supreme Court, Special Term, Kings County, October 30, 1937.

*Paul Windels, Corporation Counsel* [*Robert H. Haskell* of counsel], for the City of New York.

*Greenberg & Silberman,* for the Loesch-Ganz Realty Co., Inc.

LOCKWOOD, J.   The city moves to compel the claimant, Loesch-Ganz Realty Co., Inc., and its attorneys to make restitution of awards paid to them pursuant to the final decree and an order directing payment in this proceeding.   The decree and order were subsequently vacated and nominal awards made for damage parcels 135 and 136.   Out of the awards the attorneys received their disbursements and fees for services rendered in accordance with the agreement between them and the claimant.   The decree and order under which the money was paid must be deemed to have been valid until set aside.

The application so far as restitution is sought from the attorneys is denied.   (*Langley* v. *Warner,* 3 N. Y. 327; *Millfield Realty Co.* v. *Catena,* 257 id. 515; *Lowenstein* v. *Reikes,* 258 id. 444; *Rinzler* v. *Citizens Sav. Bank,* 271 id. 176; *Thaxter* v. *Thain,* 100 App. Div. 488.)

In *Forstman* v. *Schulting* (108 N. Y. 110), relied upon by the city, the money was wrongfully received by the attorneys under an erroneous order, and unjustly retained.   It was not paid under a judgment or decree valid at the time payment was made, as in the

present case. In *Shotwell* v. *Dixon* (66 App. Div. 123) the money was paid to the attorneys through a misinterpretation of the order of the court. In *LeGros* v. *Chain Shirt Shops, Inc.* (187 App. Div. 371), the order of Special Term denying a motion to compel the attorney not of record to restore was affirmed. It was uncertain whether the sum paid to the attorney was from money retained by the attorney of record for disbursements and services in the action or from moneys collected over and above the reasonable and necessary expenses and disbursements. The court stated that the fact that the attorney was neither a party nor the attorney of record did not prevent the granting of the relief. The fact that the claimant consented to have the checks for fees and disbursements drawn by the city to the attorneys, rather than to collect the award and then pay the money over to the attorneys, does not change the situation. The awards were made and payable to the claimant. Payment to its assignees was payment to it.

The claimant shall be ordered to make restitution of the full awards.

Settle order on notice.