AUGUSTUS BOWER, Appellant, *v.* FRED LEWIS PALMER and WILLIAM PALMER, Doing Business under the Firm Name and Style of F. L. PALMER & SON, Respondents.

HORACE L. BRONSON, Appellant.

Third Department, January 10, 1940.

*Horace L. Bronson* [*Louis R. Dowd* of counsel], for the appellant.
*Gerald S. Hewitt*, for the respondents.

CRAPSER, J. On the 28th day of January, 1939, the plaintiff recovered a judgment against the defendants-respondents for $1,288.66. Thereafter the defendants appealed from the judgment of the Supreme Court to the Appellate Division, Third Department, and in order to obtain a stay of execution there was delivered to the county clerk, in lieu of bond, as provided by sections 564 and 615 of the Civil Practice Act, the sum of $1,288.66 to be held pending the outcome of the appeal.

The letter depositing the money said: " This money is deposited with you to be held in escrow pending the outcome of the appeal in the above-entitled matter, and to be paid to the plaintiff in case said appeal shall be dismissed, otherwise to be returned to the defendants herein."

The appeal was duly heard in the Appellate Division. (257 App. Div. 1017.) On the 7th day of July, 1939, an order was filed in the office of the clerk of the county of Cortland and judgment entered thereon, which said order modified the judgment in a slight particular and as modified affirmed it. Notice of the entry of the judgment was served on the 8th of July, 1939.

The appellant Horace L. Bronson was retained by the plaintiff in the said action on a fifty per cent recovery basis and on April 28, 1939, the plaintiff-appellant assigned his interest in the judgment against the defendants to said Horace L. Bronson, his attorney. On the 15th of July, 1939, an execution on the said judgment, directed to the sheriff of the county, was issued and a

levy was made on the money deposited with the Cortland county clerk and on or about the 22d of July, 1939, an appeal from the judgment rendered by the Appellate Division was taken to the Court of Appeals. (281 N. Y. 341.)

The affidavit of the attorney for the defendants-respondents alleges that he had a conversation with Louis R. Dowd, counsel for the plaintiff-appellant, in which he notified him that the defendants-respondents intended to appeal to the Court of Appeals from the judgment of the Appellate Division, and Louis R. Dowd promised him in said conversation over the telephone that he would get out a show cause order directed to the defendants and to the treasurer of Cortland county to show cause why the money deposited in lieu of an undertaking on an appeal from the Appellate Division should not be paid in satisfaction of this judgment, if he was pressed by his clients or by his associate to collect this judgment. The defendants' attorney alleged that he relied on said statement and abstained by reason of it from obtaining a stay of execution. This was denied in an affidavit of the counsel for the plaintiff-appellant. This agreement was an oral stipulation and was not binding. (*Mutual Life Ins. Co.* v. *O'Donnell,* 146 N. Y. 275.) Defendants' attorney alleged further that the plaintiff-appellant is insolvent.

The defendants' attorney applied to a Special Term for an order to show cause why the money in satisfaction of the judgment should not be returned to the county treasurer by Horace L. Bronson to whom it was paid by the sheriff. The Special Term made an order directing that it should be returned to the county treasurer and the appeal herein is from that order.

Section 587 of the Civil Practice Act provides: " When a final judgment or order is reversed or modified upon appeal, the appellate court, or the division or term of the same court to which the appeal is taken, as the case may be, may make or compel restitution of property, or of a right, lost by means of the erroneous judgment or order; but not so as to affect the title of a purchaser in good faith and for value. When property has been sold, the court may compel the value or the purchase price to be restored or deposited to abide the event of the action, as justice requires."

The plaintiff-appellant claims that the court making the order had no jurisdiction to grant a motion affecting a judgment affirmed by the Appellate Division; that when a judgment has been affirmed by the Appellate Division no jurisdiction remains in the Trial or Special Term. A judgment entered in a county clerk's office upon an order of the Appellate Division is a judgment of the Appellate Division. (*Kirkpatrick Home for Childless Women* v. *Kenyon,* 209 App. Div. 179; *Dwight* v. *Gibb,* 208 N. Y. 153; *Lamport* v. *Smedley,* 157 App. Div. 442.)

Under section 587 of the Civil Practice Act the appellate court may order restitution; the Special Term is not deprived of the power to order restitution in such case, the statute merely conferring on the various appellate courts the same power enjoyed by the trial court to decree restitution. (*Goepel* v. *Robinson Machine Co.*, 122 App. Div. 26; *Mossein* v. *Empire State Surety Co.*, 117 id. 820; *Market National Bank of New York* v. *Pacific National Bank*, 102 N. Y. 465; *Haebler* v. *Myers*, 132 id. 363, 366, 367.)

The headnote in *Forstman* v. *Schulting* (108 N. Y. 110) reads: " An attorney who has received money in payment of costs awarded to his client by an erroneous order, which has been reversed, and who has the money in his hands, may be compelled to restore it by order and attachment."

The court in its opinion in the *Forstman* case says: " It was held in *Langley* v. *Warner* (3 N. Y. 327) that where moneys were collected by execution from a party to an action, and were paid over to the attorney of the party recovering the judgment, who had agreed with such attorney that he might retain and apply such moneys upon a previous indebtedness to him, and such application of the money had been made, that no action arose against the attorney in favor of the party from whom such moneys were collected, although the judgment upon which they were received was subsequently reversed. It was said that the title to the moneys collected had vested in the client and that he had in good faith paid them out to his attorney, and although the party remained liable to restore them, the attorney could not be subjected to an action therefor."

Where a party pays part of a judgment recovered by him to his attorney for services rendered in the suit restitution cannot on reversal of the judgment be ordered from his attorney. (*LeGros* v. *Chain Shirt Shops, Inc.*, 187 App. Div. 371; *Millfield Realty Co.* v. *Catena*, 257 N. Y. 515; 256 id. 435.)

The order appealed from is reversed, without costs, with leave to the defendants-respondents to take such steps as they may be advised for restitution of all or some part of the deposit.

HILL, P. J., HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Order appealed from reversed, without costs, with leave to the defendants-respondents to take such steps as they may be advised for restitution of all or some part of the deposit.