NEW YORK PLUMBERS' SPECIALTIES CO., INC., Plaintiff, *v.* WARREN FITZGERALD et al., Defendants.

Supreme Court, Special Term, Queens County, February 18, 1943.

*Krause, Hirsch & Levin* for Samuel Greendlinger, assignee of Interborough Utilities Company, defendant.

*Harold M. Kennedy* for United States of America, intervener.

*Maurice Seligson* for plaintiff.

RUBENSTEIN, J. Defendant Greendlinger makes this application pursuant to section 587 of the Civil Practice Act for restitution of moneys paid to plaintiff under a judgment of this court.

On March 17, 1939, said defendant was the recipient of an assignment for the benefit of creditors executed by Interborough Utilities Company. Thereafter an action predicated upon section 36-a of the Lien Law was instituted by plaintiff to recover the sum of approximately $2,600, which had come into defendant's possession by virtue of such assignment. Subsequently the United States of America intervened contending that it had a superior claim to the same fund. On June 25, 1940, a judgment was entered in favor of the plaintiff in the sum of $1,429.38 and the defendant was directed to turn over the fund to the plaintiff. The claim of the United States of America was dismissed upon the merits. In this action defendant asserted that he stood in the position of a stakeholder and in consequence did not appeal from the judgment. The United States of America, however, did appeal. The papers submitted upon this

motion disclose that defendant gave notice to the United States Government of his position as stakeholder. He requested the Government to take steps to stay the execution of the judgment. It appears that no such steps were taken and, accordingly, the defendant, in conformity with the terms of the judgment, paid the moneys in question over to the plaintiff. Upon appeal the Appellate Division (265 App. Div. 949) reversed Special Term and found that the United States of America was entitled to the fund. The defendant is now in the peculiar position of having paid the plaintiff pursuant to the judgment of the lower court and of also being directed by the judgment of the Appellate Division to pay the same sum to the United States of America. An appeal is now pending from the judgment of reversal rendered by the Appellate Division.

I am of the view that this application is similar in all respects to that presented in *Millfield Realty Co.* v. *Catena* (257 N. Y. 515). There, a motion was made for restitution by the defendant who had avowed himself a stakeholder, who did not appeal, and who paid the judgment of the lower court which was subsequently reversed. In granting defendant's motion, Chief Judge CARDOZO stated (pp. 516, 517): " The judgment of the Appellate Division, affirmed by this court, directed the auctioneer, who avowed himself a stakeholder, to pay this fund to the buyer after the judgment of the trial court had directed him to pay the greater part of it to the owners. To the extent that the effect of the reversal has been to impose conflicting duties with the result of a double payment, there should be reparation for the loss (*Marlee, Inc.* v. *Bittar*, 257 N. Y. 240)."

I think that the case of *Rinzler* v. *Citizens Savings Bank* (271 N. Y. 176) does not in any way conflict with the above holding. In the *Rinzler* case the Court of Appeals merely held that the successful plaintiff wife who had taken no steps to stay the execution of the original judgment was in no position to compel the defendant bank to pay a second time when the bank established as a defense that it did not pay the husband voluntarily, but made payment pursuant to the judgment of the court to which it submitted itself as a mere stakeholder.

The basis of the present application by the defendant Greendlinger and the United States of America is that plaintiff should restore that which in justice and good dealing presently belongs to the United States of America. This point is discussed in *Forstman* v. *Schulting* (108 N. Y. 110). There the court said (p. 112): " It has been the uniform practice of the courts to exercise summary jurisdiction over the conduct of parties and

attorneys, in actions pending in court, and enforce obedience to orders and directions made by it, in the interest of fair dealing and honesty, to protect all parties or persons whose rights have been affected by the litigation. ,Both parties and attorneys who, through the aid of the court, have come into possession of property or money during a litigation, which subsequent proceedings in the action show was either wrongfully acquired, or unjustly retained, may be compelled to restore it to the rightful owner by order and attachment to enforce such restoration.''

In the later case of *Haebler* v. *Myers* (132 N. Y. 363, 368) the court said: " ' * * * When money is collected upon an erroneous judgment which, subsequent to the payment of the money, is reversed, the legal conclusion is irresistible that the money belongs to the person from whom it was collected.' This principle was recognized by the Supreme Court of the United States in *United States Bank* v. *Bank of Washington* (6 Peters, 8), where it was declared that ' on the reversal of a judgment the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost,' and that he might proceed by action, *scire facias,* or order.''

Further, there can be no question but that Special Term has the power under section 587 of the Civil Practice Act to order restitution. That question was passed upon in *Bower* v. *Palmer* (258 App. Div. 414). There the court said (p. 417): " Under section 587 of the Civil Practice Act the appellate court may order restitution; the Special Term is not deprived of the power to order restitution in such case, the statute merely conferring on the various appellate courts the same power enjoyed by the trial court to decree restitution. (*Goepel* v. *Robinson Machine Co.,* 122 App. Div. 26; *Mossein* v. *Empire State Surety Co.,* 117 id. 820; *Market National Bank of New York* v. *Pacific National Bank,* 102 N. Y. 465; *Haebler* v. *Myers,* 132 id. 363, 366, 367.)''

I think also that the failure of the Appellate Division to strike out the provision with respect to the defendant's being directed to turn over the fund to the plaintiff is not controlling here. (See *Goepel* v. *Robinson Machine Co.,* 122 App. Div. 26.) The record indicates that the defendant addressed his request in the form of a letter to the Appellate Division, and under the circumstances I think such court did not consider it.

While it is argued that this court in the exercise of its discretion should deny the present application, leaving the parties to their remedies by way of action, I do not find that the plaintiff has presented any cogent reason for the court's so doing.

There is no dispute about the fact that plaintiff is not entitled to the fund in question, neither does it contend that the equities of any third parties have intervened which might affect the right of the defendant or of the United States of America to restitution. Under the circumstances I think the motion should be granted directing that the fund be turned over to the defendant, leaving the parties to take such subsequent steps as they may be advised in the premises.