PETER LARONGA, Plaintiff, *v.* JOHN LARONGA et al., Defendants.

City Court of the City of New York, Special Term, Queens County, January 10, 1945.

*Maxim Ingber* for defendants.

*Arthur Morris* for plaintiff.

CONROY, J. This motion, made by the defendants, seeks (1) the restoration of the action to the trial calendar, (2) the return to the possession of the defendants of a Mack tractor, the subject of the action, and (3) the return to the defendants of the money costs collected by the plaintiff.

This is an action in replevin and after a jury trial a verdict was rendered in favor of the plaintiff. An appeal was taken to the Appellate Term and while this appeal was pending an execution was issued to the Sheriff of Queens County who seized the tractor and trailer from the possession of the defendants and collected from them the sum of $149.70 costs as taxed. Thereafter the Appellate Term, Second Department, reversed the judgment of the City Court on the law and directed a new trial (*Laronga* v. *Laronga*, N. Y. L. J., Dec. 16, 1944, p. 1735, col. 6).

The plaintiff joins with the defendants in the request that this action be restored to the trial calendar and therefore that part of the motion is granted and this action is directed to be restored to the day calendar for Monday, January 29, 1945.

As to the second and third parts of the motion, the plaintiff questions the authority of this court to make an order of restitution after a reversal by the Appellate Term and contends

further that if the court had such authority the exercise of its discretion, under the circumstances of this case, should be against such restitution.

There is nothing in the facts of this case brought to the attention of the court that would impel any action other than the following of the general rule which is that a litigant is entitled to restitution upon the reversal of an erroneous judgment which has been enforced against him. The rule was succinctly stated in *Haebler et al.* v. *Myers et al.* (132 N. Y. 363, 368). Judge VANN said: " ' When money is collected upon an erroneous judgment which, subsequent to the payment of the money, is reversed, the legal conclusion is irresistible that the money belongs to the person from whom it was collected.' This principle was recognized by the Supreme Court of the United States in *United States Bank* v. *Bank of Washington* (6 Peters, 8), where it was declared that ' on the reversal of a judgment the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost,' and that he might proceed by action, *scire facias,* or order. The authorities uniformly support this position and out of many that might be cited the following are sufficient to illustrate the subject: (*Sturges* v. *Allis,* 10 Wend. 355; *Maghee* v. *Kellogg,* 24 id. 32; *Norton* v. *Coons,* 3 Den. 130; *Langley* v. *Warner,* 1 Sandf. 209; *Lott* v. *Swezey, supra* [29 Barb. 87, 88]; *Kidd* v. *Curry,* 29 Hun, 215; *Wright* v. *Nostrand,* 100 N. Y. 616; *Travelers Ins. Co.* v. *Heath,* 95 Penn. 333.) ''

I am of the opinion in this case that justice requires that restitution should be made. There now remains the question of the authority of this court to make such an order.

The defendants, the moving parties, urge that section 587 of the Civil Practice Act gives this court the right to direct restitution. Section 587 of the said act does not grant authority to the City Court to make restitution. Section 587 gives discretionary power to the appellate courts to compel restitution of property or of a right lost by means of an erroneous judgment or order. This is the only section that makes provision for restitution after an appeal, although there are several sections providing for restitution where the court of original jurisdiction sets aside or vacates the judgment.

It has been held, however, that section 587 of the Civil Practice Act is not an exclusive remedy and that the granting therein of authority to the appellate courts to make restitution did not preclude or deprive the trial courts of their right to make restitution.

In *Bower* v. *Palmer* (258 App. Div. 414, 417), Judge CRAPSER, in delivering the unanimous opinion of the court, said: " Under section 587 of the Civil Practice Act the appellate court may order restitution ° ° ° in such case, the statute merely conferring on the various appellate courts the same power enjoyed by the trial court to decree restitution. (*Goepel* v. *Robinson Machine Co.*, 122 App. Div. 26; *Mossein* v. *Empire State Surety Co.*, 117 id. 820; *Market National Bank of New York* v. *Pacific National Bank*, 102 N. Y. 465; *Haebler* v. *Myers*, 132 id. 363, 366, 367.) "

It has been commonly held in New York State that application for restitution could be made at Special Term of the Supreme Court after an appeal, and that the common-law jurisdiction of the Special Term to grant such an order was not affected by the granting of the like power to the appellate court (*Platt* v. *Withington*, 25 Abb. N. C. 103, and cases cited in *Bower* v. *Palmer, supra*). (See, also, *New York Plumbers' Specialty Co.* v. *Fitzgerald*, 179 Misc. 1046.)

There now remains only the question whether the City Court of the City of New York in those cases over which it has jurisdiction has the same common-law jurisdiction and inherent powers in respect to those cases as the jurisdiction and powers of the Supreme Court. By statute the City Court of the City of New York has been conferred original jurisdiction concurrent with the Supreme Court of the State of New York in actions of replevin where the value of the property involved does not exceed $3,000 and interest. (N. Y. City Ct. Act, § 16; L. 1926, ch. 539.) Section 65 of the New York City Court Act further provides that the practice, pleadings, forms and procedure in the City Court of the City of New York shall conform as nearly as may be to the practice, pleadings, forms and procedure existing at the time in like causes in the Supreme Court. It is my opinion, therefore, that the City Court of the City of New York has authority to make an order of restitution after an appeal and reversal by the Appellate Term and that a specific act granting such authority is no more necessary than in the practice in the Supreme Court.

The motion to direct the return to the possession of the defendants of the Mack tractor and the return to the defendants of the sum of $149.70; the costs collected, is granted. Settle order on two days' notice.