CHARLES J. MORMILO, Appellant-Respondent, *v.* ALLIED STEVE-DORES CORP., Appellant, and JOHN W. McGRATH CORPORATION, Respondent.

First Department, June 4, 1959.

*John M. Cunneen of counsel (Caverly, Dimond, Dwyer & Lawler, attorneys), for appellant.*

*David Schachter of counsel (Alfred S. Julien, attorney), for appellant-respondent.*

*Abraham I. Simon in person.*

*Per Curiam.* This is a motion by defendant Allied Stevedores Corp. (herein called " Allied ") to amend the title of the action and to direct restitution to Allied of the sum of $25,501 pursuant to section 587 of the Civil Practice Act.

That branch of the motion seeking to amend the title is granted to show the defendant as " Allied Stevedoring Corporation " sued herein as " Allied Stevedores Corp."

Plaintiff, in a suit for damages for personal injuries against Allied and one other defendant, obtained a judgment in the sum of $80,248. The judgment as to the other defendant was set aside. Plaintiff and Allied appealed therefrom.

While the appeal was pending, Allied's insurance carrier paid the full amount of its coverage, with interest. This payment was made by a check in the amount of $25,501 drawn to the order of the attorney of record for the plaintiff. The check was indorsed, deposited, the proceeds collected and disbursed. Payments were made to the former attorney of record, the present attorney of record, to trial counsel, a sum in excess of $6,000 was paid to the City of New York to satisfy a welfare lien and the balance retained by the plaintiff.

This court has the power to direct restitution in a given case subject only to the statutory limitation that it be "not so as to affect the title of a purchaser in good faith and for value." (Civ. Prac. Act, § 587.)

Where the court finds moneys are "wrongfully acquired, or unjustly retained" "in the interest of fair dealing and honesty, to protect all parties or persons whose rights have been affected by the litigation", it will not hesitate to "exercise summary jurisdiction over the conduct of parties and attorneys, in actions pending in court". (*Forstman* v. *Schulting*, 108 N. Y. 110, 112.)

Clearly a party may be directed to make restitution, but it need not follow that a similar directive will be issued to the attorney. For where a debtor-creditor relationship exists, recovery will be denied. (*Millfield Realty Co.* v. *Catena*, 257 N. Y. 515.)

Where a fee is dependent for its existence as well as amount upon the outcome of litigation, it is our view that such fee is not earned until the matter be finally concluded, unless there be a specific agreement to the contrary. A party ordinarily follows the advice and direction of counsel in retaining or disbursing moneys received while a matter is pending. To place the full burden of complete restitution upon the shoulders of a party, where distribution or disbursements have been made, would be both inequitable and unjust. Where, then, a fee is contingent, restitution of moneys received will be directed against an attorney as well as a party in the event of an adverse determination. (See *contra, Bower* v. *Palmer*, 258 App. Div. 414, 417 [3d Dept.].)

On the papers before us, it is not clear whether the retainers were contingent or otherwise. Nor can the status of various counsel, i.e., original counsel of record, substituted counsel

and trial counsel, be determined with such accuracy as to permit determinative rulings as to the amount, if any, to be repaid by each or all of them.

Accordingly, the matter is referred to the Honorable ISIDOR WASSERVOGEL, Special Referee, to hear and determine if the retainers or any of them were contingent or if a debtor-creditor relationship existed between the plaintiff and his attorneys. If contingent, restitution shall be directed in such amount as may be fixed and determined by the Special Referee. This is without prejudice to the right of the plaintiff thereafter, in the event he be held solely liable, to take such steps as he may be advised to obtain repayment of moneys from persons or parties who were the recipients thereof.

Since a new trial has been granted, we suggest that such moneys as may be directed to be repaid be held in escrow pending the eventual outcome of this case. Settle order.

BREITEL, J. P., RABIN, VALENTE, STEVENS and BERGAN, JJ., concur.

Motion, insofar as it seeks to amend the title, is granted to show the defendant, sued herein as " Allied Stevedores Corp." as " Allied Stevedoring Corporation." Motion, insofar as it seeks restitution to Allied Stevedoring Corporation of $25,501, pursuant to section 587 of the Civil Practice Act is referred to Honorable ISIDOR WASSERVOGEL, Special Referee, to hear and determine if the retainers or any of them were contingent, and if determined to be contingent, to further fix and determine the amount of restitution to be directed by order of Special Term to be entered upon the report of the Special Referee.

Settle order.