James J. Crisona, J.
Upon plaintiff’s motion to modify a judgment of separation in her favor entered on April 21, 1941, as subsequently amended, the plaintiff moved to increase her permanent alimony and for a suitable counsel fee in connection therewith. The defendant cross-moved to reduce the alimony. By resettled order, dated March 25, 1959, the court increased the alimony from $100 to $125 per week, allowed the plaintiff a counsel fee of $500 and denied the defendant’s cross motion.
The plaintiff appealed said order on the ground that the allowances were inadequate and in connection with such appeal made a motion in Special Term for counsel fees and expenses. That motion was denied by an order dated May 12,1959, “ without prejudice to a renewal thereof in the event plaintiff is successful on the aforesaid appeal.”
The Appellate Division modified (10 A D 2d 1004) the resettled order of March 25, 1959, by increasing the permanent alimony from $100 to $225 per week and the counsel fee from $500 to $2,000. The defendant appealed said order of modification and in connection therewith paid the plaintiff the sum of $750 for expenses and counsel fees in the Court of Appeals, after paying her the additional $1,500 allowed by the Appellate Division. The plaintiff did not renew her motion at that time for counsel fees and expenses in connection with her appeal to the Appellate Division.
The Court of Appeals unanimously reversed the order of the Appellate Division, without costs, and reinstated that of Special Term on the opinion below.
The defendant now moves to direct the plaintiff and her attorney to make restitution of the $1,500 counsel fee paid pursuant to the order of the Appellate Division and the plaintiff cross-moves for her counsel fees and printing expenses in connection with her appeal to the Appellate Division, as permitted by the order of Special Term dated May 12,1959.
The defendant’s motion is granted. (Pincus v. Pincus, 211 App. Div. 128; see, also, Haas v. Haas, 271 App. Div. 107.) *267 In giving appellate courts the power to order restitution, section 587 of the Civil Practice Act has not deprived Special Term from likewise exercising that power. (Bower v. Palmer, 258 App. Div, 414.) Since it is the attorney who has already received the counsel fee of $1,500 sought to be returned, both the plaintiff and he may be compelled to make restitution. (Forstman v. Schulting, 108 N. Y. 110, 112-113.)
A more difficult question is presented by the plaintiff’s cross motion. While it is true that she was successful in the Appellate Division, the fact remains that her success was short-lived and that ultimately she failed in obtaining an increase beyond that originally allowed by Special Term. However, the order dated May 12, 1959, denying plaintiff’s application for expenses in connection with her appeal to the Appellate Division, was ‘ ‘ without prejudice to a renewal thereof in the event plaintiff is successful on the aforesaid appeal.” (Emphasis supplied.) The aforesaid appeal could have no reference other than the appeal to the Appellate Division in which the plaintiff was successful. Inasmuch as a wife in a matrimonial action may seek from her husband her prospective expenses in connection with successive appeals through our courts and, indeed, she was paid by the defendant $750 in connection with his appeal to the Court of Appeals which proved successful, this court is of the opinion that she is entitled to her expenses in connection with her appeal to the Appellate Division, the right to make such application having been preserved by Special Term if she was successful in that court. She is accordingly allowed her printing expenses in the Appellate Division in the sum of $896.44, in addition to a counsel fee of $500. Settle order in accordance with the foregoing views.