## (November 13, 1962)

■ BERRY BAKER, Respondent, v. STEPHEN BAKER, Appellant.

APPLICATION to the Appellate Division of the Supreme Court, First Department, for an order, pursuant to section 587 of the Civil Practice Act, directing restitution of moneys paid under an order, entered February 28, 1962, at Special Term of the Supreme Court in New York County, awarding temporary alimony and counsel fees, which order was subsequently reversed by the said Appellate Division (16 A D 2d 409).

*Per Curiam.* Motion is made by defendant husband, pursuant to section 587 of the Civil Practice Act, to direct restitution of moneys paid under an order, granting plaintiff temporary alimony and counsel fees, which was reversed by this court in *Baker* v. *Baker* (16 A D 2d 409, motion for leave to appeal denied

16 A D 2d 923). The reversal was on the ground that plaintiff was living with defendant at the time she commenced the action for separation and prosecuted her motion for temporary alimony. Prior to the reversal, defendant had paid some $2,400 in temporary alimony and $750 as one half of the counsel fees awarded by Special Term.

Since the reversal, plaintiff renewed her application for temporary alimony and counsel fees predicated on averments that she was no longer living with defendant. That motion was granted to the extent of allowing $120 per week (the original order allowed $180 per week) and a counsel fee of $1,000, one half of which was payable within 20 days after the entry of the order.

As alternative relief herein, defendant seeks to set off the payments made under the reversed order against the payments directed by the later order of Special Term.

Temporary alimony paid pursuant to an order which is subsequently reversed may not be recovered by the husband either directly by restitution or indirectly by recoupment. (*Averett* v. *Averett*, 110 Misc. 584, affd. 191 App. Div. 948; *Haas* v. *Haas*, 271 App. Div. 107; see, also, *Weitzenkorn* v. *Weitzenkorn*, 15 A D 2d 765.)

However, a distinction has been drawn between alimony and counsel fees. As to the latter, restitution may be directed. (*Pincus* v. *Pincus*, 211 App. Div. 129; *Haas* v. *Haas*, *supra*, p. 109; *Ferguson* v. *Ferguson*, 29 Misc 2d 265.)

Consequently there must be restitution ordered as to the payment of the $750 counsel fee under the reversed order. Counsel fees in a matrimonial action must be made payable to the wife and not to her attorney (*Kamman* v. *Kamman*, 167 App. Div. 423; *Kellogg* v. *Stoddard*, 89 App. Div. 137; *Rosen* v. *Rosen*, 18 Misc 2d 257, 261). Since, however, it appears that the counsel fees, involved herein, were actually paid to plaintiff's former attorney, said attorney will be directed to make restitution to the defendant. (*Pincus* v. *Pincus*, *supra*; *Forstman* v. *Schulting*, 108 N. Y. 110, 112–113.) The alternative relief, seeking a setoff against the counsel fees awarded in the second application, is inappropriate by virtue of the fact that there has been a substitution of attorneys for the plaintiff since the bringing on of the motion herein.

Settle order accordingly.

Botein, P. J., Breitel, Valente, McNally and Eager, JJ., concur.

Motion granted to the extent of directing that there be a restitution to defendant of the sum of $750 paid to plaintiff's former attorney as counsel fee under a prior order. In all other respects the motion is denied. Settle order on notice.