William J. Sullivan, J.
This is an application to vacate a third-party subpeena served in supplementary proceedings (Civ. Prac. Act, § 781), and to direct the return and release of moneys collected by the Sheriff of Nassau County pursuant to an income execution issued by this court under former section 684 of the Civil Practice Act. The facts in this proceeding present an unusual problem.
The petitioners here (designated as appellants) were the named defendants in an action instituted against them in the Nassau County District Court by the respondent as plaintiff. In that action, a judgment was recovered against the petitioners in the sum of $891. An appeal was taken from such judgment, and the Appellate Term of the Supreme Court reversed the order of the District Court granting the plaintiff (respondent herein) summary judgment. No security or undertaking, however, was filed to stay execution on the judgment pending the appeal. In the interim period, the respondent filed a transcript of the judgment with the Nassau County Clerk, and thereafter procured an order from this court directing execution against the wages of the judgment debtors (Civ. Prac. Act, § 684). The respondent judgment creditor also served a third-party subpoena on the Hempstead Bank in supplementary proceedings.
The hank account impounded by service of the subpoena remains intact, and the respondent’s attorney admits the judgment has been satisfied from the wage garnishee. However, he *278 also states that the Sheriff turned over substantially less than the amount of the judgment or the sum of $891. The discrepancy would readily have been resolved if either party had procured a retura from the Sheriff showing the amount of his collections, payouts and deductions for fees and expenses.
The significant observation to be noted here is that all the proceedings for enforcement of the judgment issued from this court. Jurisdiction was obtained by filing a transcript of the judgment with the Nassau County Clerk which had the effect of making the lower court judgment the equivalent of a judgment of this court. Supplementary proceedings then issued on the basis thereof.
The principle that this court retains jurisdiction over its own processes must be conceded. The power of this court to discharge or vacate the garnishee order and the subpoena issued under its authority can hardly be doubted. The exercise of that power, in this instance, moreover, does not entail the vacating or modification of the judgment of the District Court. It simply necessitates this court’s recognition of the fact that such judgment has been rendered invalid by reversal on appeal. Since the processes which issued from this court were predicated on the presumed validity of the District Court judgment, the subsequent reversal of that judgment requires the discharge of the subpoena and garnishee order of this court.
The petitioners’ request to direct the return and release of property held by the Sheriff may also be granted under the provisions of section 5238 of the Civil Practice Law and Rules. The application, however, may only be granted to the extent of the property presently held by him, less his fees and expenses. If the petitioners’ motion is construed to include a request for restitution of all funds collected by the -Sheriff, it must be denied. Restitution is obtainable through the appellate court or the court of original jurisdiction (CPLR, 5523, 5015; Bower v. Palmer, 258 App. Div. 414). No authority has been cited to this court which would authorize it to order restitution under a judgment of the Nassau County District Court or any lower court where the matter is brought to this court other than by a plenary action to compel restitution (see, e.g, Haebler v. Myers, 132 N. Y. 363).
The motion is granted to the extent indicated, and the petitioners are directed to procure a return from the Sheriff, and if that return shows that any funds are in his possession in excess of his lawful fees and expenses, the order to be entered hereon shall direct payment thereof to the petitioners.