■ JOSE ZACCOUR, Respondent, v. EDMOND ZACCOUR, an Incompetent, by MORTIMER J. GOODSTEIN, as Ancillary Committee, Appellant.— Order entered September 9, 1968, denying motion to compel plaintiff's attorney to deposit into court certain fees and disbursements following the execution of a default judgment, unanimously reversed on the facts and the law, without costs and without disbursements. On the record before us it is not clear whether the retainer was contingent or otherwise. The letter of April 3, 1968, without clarification, would indicate that the arrangement between the plaintiff and his attorney may have been contingent in nature and that the attorney exercised some control over the division of the amount resulting from the litigation. "Where, then, a fee is contingent, restitution of moneys received will be directed against an attorney as well as a party in the event of an adverse determination". (*Mormilo* v. *Allied Stevedores Corp.*, 8 A D 2d 217, 218.) This, on the rationale that both shared risk as to the ultimate outcome of the litigation. If a debtor-creditor relationship exists however, recovery will be

denied. (*Millfield Realty Co.* v. *Catena*, 257 N. Y. 515.) Under all the circumstances of this case, including the mental state of the defendant at the time of the default, the fact that payment of part of the fee may have been ratified, and the possibility of laches, prejudicial to the attorney, a hearing is plainly indicated before any determinative ruling may be made as to the amount, if any, to be repaid. Accordingly, the matter is remanded to Special Term for disposition following a hearing by a Special Referee, concerning the true nature of the attorney's fee arrangement, and relevant issues, the Referee to be appointed on application to Special Term. Concur — Eager, J. P., Capozzoli, McGivern and Markewich, JJ.; Nunez, J., dissents in the following memorandum : I dissent and vote to affirm for the reasons stated by Special Term.