[625 NYS2d 668]

In the Matter of DEBORAH FISS (Admitted as DEBORAH GWEN FISS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 1, 1995

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Szochet* of counsel), for petitioner.

*Louis Gerstman,* Garden City, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with nine allegations of professional misconduct. The Special Referee sustained all nine charges. The petitioner moves to confirm the report of the Special Referee while the respondent cross-moves to confirm in part and to disaffirm the Special Referee's report to the extent that it sustained Charges One, Two, Three, Eight, and Nine.

The nine charges actually reflect four instances of misconduct, each of which occurred during the respondent's representation of a single client.

On April 4, 1991, the respondent, as attorney, entered into a retainer agreement with her client in connection with a divorce action, whereby the respondent received a retainer of $2,500 plus an hourly fee for motion work. In an affirmation submitted to the court on behalf of her client in support of a pendente lite motion, the respondent falsely stated that she "received the sum of $500 as a retainer." These actions violated Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]) and DR 7-102 (A) (5) (22 NYCRR 1200.33 [a] [5]). During her continuing representation of her client, the respondent also notarized three documents purportedly bearing her client's signature and then submitted these to the court. These documents had actually been signed by the respondent's secretary. We find the respondent's actions violated Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]). Lastly, the respondent delayed in remitting settlement proceeds to her client, improperly asserting a retaining lien over the funds, and thereby violated Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]).

We find, upon our review of the evidence, that the Special Referee properly sustained all nine charges. The petitioner's motion to confirm the report of the Special Referee is therefore granted. The respondent's cross motion is granted to the

extent that it seeks to confirm the report of the Special Referee and is otherwise denied.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigation and explanations advanced by the respondent, including the respondent's assertions that she acted, at all times, in what she believed to be her client's best interests, and the fact that the respondent immediately placed the settlement funds with the court when informed by Grievance Committee Counsel that her actions were improper. We have also considered the respondent's remorse, the fact that all charges emanate from the representation of one client, the over 30 letters from former clients and colleagues attesting to the respondent's integrity and honesty, and the respondent's prior unblemished record. In view of these factors, it is the decision of this Court that the respondent be suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that the respondent, Deborah Fiss, is suspended from the practice of law for a period of one year, commencing June 15, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period she refrained from practicing or attempting to practice law, (b) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (Rules of App Div, 2d Dept [22 NYCRR] § 691.10), and (c) that she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Deborah Fiss, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or

counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.