■ KENNETH ABRAHAMI et al., Plaintiffs, v UPC CONSTRUCTION CO., INC., et al., Defendants. STRASSBERG & STRASSBERG, P. C., Appellant, v HEO PEH LEE, Respondent. [670 NYS2d 457] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about July 15, 1997, which, to the extent appealed from and in connection with the grant of defendant Lee's motion for restitution, directed appellant law firm to pay Lee the principal amount of $25,686.22, unanimously reversed, on the law, without costs or disbursements, the award vacated and the matter remanded for further proceedings consistent with this opinion.

Generally, where money is paid to or obtained by an attorney on behalf of a client pursuant to a judgment subsequently reversed on appeal, the attorney is liable to make restitution of that portion of the funds that represents a contingency fee retained in connection with the matter (see, CPLR 5523; Zaccour v Zaccour, 32 AD2d 745; Mormilo v Allied Stevedores Corp., 8 AD2d 217, 218), but will not be liable for amounts paid out as distributions or disbursements or amounts retained by the attorney in payment of debts owed by his or her client (see, Millfield Realty Co. v Catena, 257 NY 515, 517; Forstman v Schulting, 108 NY 110, 113; Mormilo v Allied Stevedores Corp., supra).

Here, in response to defendant Lee's motion for restitution, appellant law firm indicated that upon receipt of Lee's money, it paid a sheriff's fee, paid itself a contingency fee and disbursements relating to this action, paid itself amounts owing by reason of the prior indebtedness of plaintiffs to the law firm and then distributed the balance of Lee's money to plaintiffs.

While the law firm is clearly liable to make restitution of its contingency fee, it should not be liable for monies distributed

to plaintiffs or disbursed to entities other than the law firm, such as the sheriff. Moreover, it is unclear whether certain sums it paid to itself out of the judgment were made pursuant to a prior debtor-creditor relationship with plaintiffs and, hence, whether such disbursements should be shielded from restitution (*Forstman v Schulting, supra,* at 113). Accordingly, the matter is remanded to the motion court for a hearing on the appropriate amount of restitution to be made by the law firm in light of these considerations. Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.