■ GOLDBERG & CONNOLLY, Respondent, v GRAYSTONE CONSTRUCTION CORP. et al., Defendants. JUPITER ENVIRONMENTAL SERVICES, INC., Nonparty Appellant. [886 NYS2d 703]—

In an action, inter alia, to recover damages for breach of contract, Jupiter Environmental Services, Inc., appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated October 15, 2007, which granted the plaintiff's motion pursuant to CPLR 5225 (a) and (b) to authorize the plaintiff to transfer to its general operating account the funds it held in its attorney escrow account on behalf of Jupiter Environmental Services, Inc., in partial payment of two judgments that the plaintiff had obtained against it and, in effect, denied its cross motion to intervene in the action and to compel the plaintiff to turn over the subject funds plus statutory interest to it.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 5225 (a) and (b) is denied, and the cross motion of Jupiter Environmental Services, Inc., is granted.

An attorney who comes into possession of funds or property of a client or a third party is a fiduciary and must safeguard those funds or property. In the case of funds, the attorney must deposit them into an attorney escrow account until disbursement. Here, the plaintiff law firm came into possession of certain funds on behalf of its client, the defendant herein Graystone Construction Corp. (hereinafter the defendant), by virtue of its efforts to enforce a judgment that it obtained on behalf of the defendants against the appellant. The plaintiff deposited these funds into an attorney escrow account. However, rather than promptly delivering these funds in accordance with Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]), the plaintiff retained them in its escrow account in order to assert a retaining lien over them. While the plaintiff continued to retain these funds in this manner, the appellant obtained a reversal by this Court of the judgment upon which the funds had been collected (*see Jupiter Envtl. Servs., Inc. v Graystone Constr. Corp.*, 31 AD3d 388 [2006]). The plaintiff thereafter refused the appellant's requests for the return of the subject funds.

Here, the plaintiff never turned the subject funds over to the defendant. Neither did it receive any authorization from the defendant prior to the judgment being overturned to pay to itself

from the subject funds the money owed for its legal services. Under such circumstances, upon the reversal of the judgment upon which the funds were obtained from the appellant, the plaintiff was bound to return the subject funds to the appellant (*see* CPLR 5523; *Alexander v Cavagnaro*, 4 NY2d 989 [1958]; *Forstman v Schulting*, 108 NY 110 [1888]; *Pincus v Pincus*, 211 App Div 128 [1924]; *see also Abrahami v UPC Constr. Co.*, 248 AD2d 272 [1998]). Moreover, the plaintiff may not impose a retaining lien upon these funds, since it holds the funds in a fiduciary capacity on behalf of its client (*see* Code of Professional Responsibility DR 9-102 [22 NYCRR 1200.46]; *Schelter v Schelter*, 206 AD2d 865 [1994]; *Marsano v State Bank of Albany*, 27 AD2d 411, 414 [1967]; *see also Matter of Gucciardo*, 230 AD2d 237, 245 [1997]; *Matter of Fiss*, 211 AD2d 32, 33 [1995]; *Matter of Stella*, 90 AD2d 372, 372 [1982]).

Accordingly, the appellant's cross motion should have been granted and the plaintiff's motion to transfer the subject money it held in its escrow account to its general operating account should have been denied. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur. [*See* 2007 NY Slip Op 33382(U).]